CHARLES HEATH *vs.* JONATHAN ELLIS & others.

One stockholder of a manufacturing corporation cannot alone maintain a bill in equity to compel the execution of a trust, by persons who have taken a conveyance of the company property in trust to pay its debts.

A bill for contribution by one stockholder of a manufacturing corporation, who has paid debts of the corporation under legal process, is open to a demurrer, if one of the respondents never was a stockholder in said corporation.

THIS was a bill in equity, filed by Charles Heath, of Brookline, against Jonathan Ellis, Levi B. Merriam, Edmund

L. Benzon, William L. King, John J. May, Frederick G May, William H. Badger, Herman P. Chandler, Joseph Das-comb, and David M. Farnum, setting forth, among other things, the following facts, viz: That a corporation called the Ballard Vale Machine Shop, was incorporated in 1847, for the purpose of manufacturing steam engines, machinery, &c., at Andover, in the county of Essex; subject to the provisions of Rev. Sts. *c.* 38 and *c.* 44; that said corporation was organized March 13, 1847, with a capital stock of $100,000, which had not been wholly paid in, nor had any certificate thereof been made and recorded in the registry of deeds for said county; that the company continued business at Andover until September, 1848, but no annual notice of the amount of assessments voted and paid in, nor of the debts of the company, had ever been published as the law required; that the complainant, on the 1st of October, 1847, became the owner of ten shares in said company, and that all of the respondents, except said Farnum, are stockholders in said company, and some of them directors and other officers; that in September, 1848, the affairs of said company became embarrassed, and they suspended business; that the respondents Ellis, Merriam, Benzon, King, and J. J. May, and F. G. May, have taken the management and control of the affairs of the company and procured such votes to be passed as they desired; that in said September, said respondents took possession of all the property, real and personal, of said company under an agreement that they should settle the affairs and dispose of the property of the company for the best interests and advantage of all parties interested therein, both stockholders and creditors, and should pay and discharge all the debts of the company, and that thereby said respondents became the trustees of all the members of the company; that the property was sufficient, if properly managed, to pay all the just debts of the company, and that the debts of this company then existing were all extinguished by said trustees or by some of the respondents. The bill proceeded to allege that the respondents Merriam and King, combining and confederating with the respondent Farnum, for the injury of the complainant.

and in order to compel him to contribute a greater proportion of the amount paid by said respondents in discharging the liabilities of the company than his just proportion as a holder of ten shares in said company, issued certain promissory notes, signed and approved by them as officers of said company, which were transferred to said Farnum, with the understanding that he should commence actions at law thereon against said company and take the property of the complainant to satisfy the execution, whereas said Farnum was not in fact a creditor of said company; that two actions were commenced by said Farnum against the company on said notes, in which executions were issued and the complainant arrested thereon, as a member of said company individually liable for its debts, and was compelled to pay, in discharge of said executions, the sum of $9,923.90. The bill contained many other allegations, the precise character of which became immaterial, and the prayer of the bill was, that the respondents who were stockholders in said company, might account for all the property received from the company in trust for the payment of its debts, and for all the proceeds or profits realized from the sale of said property and for a discovery; and that they might be ordered to pay to the complainant each his just and equitable proportion of the sum of $9,923.90 so paid by him on the executions against said company.

The respondent Farnum demurred generally to the bill, 1st. For want of jurisdiction. 2d. For want of equity.

*W. Sohier,* for the complainant.

*J. G. King,* for the respondent Farnum.

BIGELOW, J. The purpose of this bill is twofold. In the first place, the complainant seeks to enforce a trust against some of the respondents, on the ground that certain property belonging to the " Ballard Vale Machine Shop " was conveyed to them in trust to be applied for the use and benefit of all the stockholders and creditors of said corporation; and that he, being a stockholder, has a right to compel them to proceed in the execution of said trust, which he alleges they have failed and refuse to do. The other ground on which the complainant seeks relief is, that he, being a stockholder in said corporation,

and individually liable under the statutes of the commonwealth for its debts, has been compelled to pay large sums on executions issued against the company, for which he now seeks contribution against the respondents in this suit. Such being the objects of the bill, it is entirely clear, that the demurrer by Farnum, one of the respondents, is well taken.

So far as the bill seeks to enforce a trust, the complainant, being only one stockholder out of many, stands in the same right with all the other stockholders, who have a common interest with him in enforcing the trust set out in the bill. It is a familiar rule of equity pleading, that all persons having a common interest and common object in the subject-matter of a bill, ought to be made parties, or if they are too numerous to render the joinder of all of them practicable, the bill should be brought by some in behalf of all, so that the rights of all may be duly adjudicated in the final decree. But, in the present case, the bill is brought by the complainant alone, who does not in any way undertake to represent, or to sue in behalf of the other stockholders. It is, therefore, defective for want of proper parties. Story Eq. Pl. § 107 ; *Baldwin* v. *Lawrence,* 2 Sim. & Stu. 18.

So far as the bill rests on the ground of the right of the complainant to contribution from the other stockholders for debts of the corporation paid by him under legal process, he has no ground of relief against Farnum. It does not appear that Farnum is, or ever was, a stockholder in said corporation. His demurrer is, therefore, well taken, because as a bill for contribution against him, the complainant shows no equity.

*Demurrer sustained.*